**UNITED STATES of America,**

v.

**Philip BISCARDI.**

**Crim. No. 85–212–01.**

United States District Court, E.D. Pennsylvania.

March 13, 1995.

---

1. Record document no. 107.

2. Record document no. 82.

3. Record document no. 83.

4. Record document no. 81.

Michael R. Stiles, U.S. Atty., Philadelphia, PA, Ewald Zittlau, Asst. U.S. Atty., for plaintiff.

Robert F. Henninger, Freedman & Lorry, P.C., Philadelphia, PA, for defendant.

## MEMORANDUM

Raymond J. BRODERICK, J.

Defendant Philip Biscardi, who pled guilty before this Court to distribution of methamphetamine in violation of 21 U.S.C. §§ 841 and 846, has filed a motion asking the Court to reduce the time period within which he is disabled from participating in the affairs of his union and further provide that he is no longer prohibited from such participation by 29 U.S.C. § 504. The United States Attorney has filed a response, contending that the Court lacks jurisdiction to reduce this time period, and claiming that Defendant must petition the United States Parole Commission. Counsel for Defendant, however, asserts that the Court does have jurisdiction.

For reasons discussed herein, the Court concludes that it lacks jurisdiction to reduce the disability time period and provide that Biscardi is no longer prohibited from partici-

pating in the affairs of his union under 29 U.S.C. § 504. Defendant's motion will be dismissed for lack of jurisdiction.

## I. Background

On September 5, 1985, Defendant Philip Biscardi pled guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, and two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On April 3, 1986, Biscardi was sentenced to concurrent terms of imprisonment of four years, followed by a special parole of ten years.

Biscardi was released from prison on November 28, 1988. Upon release, he returned to his previous employment in the newspaper printing industry. He subsequently ran for various positions in his local union, and served in those positions until he learned that, as a person convicted of a felony listed under 29 U.S.C. § 504(a), he was prohibited from holding office in his union. As discussed *infra*, this statute provides that a person cannot serve in various leadership capacities in a labor organization for a period of thirteen years following release from imprisonment. After the discovery of this restriction on his activities, Biscardi was relieved of all his union positions.

Biscardi has filed this motion asking the Court to vacate the remainder of his thirteen year period of disability and provide that he is no longer prohibited from participating in the affairs of his union. Because neither Biscardi nor the United States Government had addressed the issue of the Court's jurisdiction to consider such a motion, the Court ordered both parties to submit memoranda addressing jurisdiction. Biscardi maintains that the Court has jurisdiction to reduce the disability period by virtue of § 5J1.1 of the United States Sentencing Guidelines, while the Government contends that the Court lacks jurisdiction.

## II. Discussion

29 U.S.C. § 504, applicable to a crime committed prior to November 1, 1987, and therefore applicable to Biscardi at his sentencing on April 3, 1986, provided in relevant part:

No person [who has been convicted of various crimes shall serve in certain capacities in a labor organization] during or for the period of thirteen years after such conviction or after the end of such imprisonment, whichever is later, unless the sentencing court on the motion of the person convicted sets a lesser period of at least three years after such conviction or after the end of such imprisonment, whichever is later, or unless prior to the end of such period, in the case of a person so convicted or imprisoned ... the United States Parole Commission determines that such person's service [in certain capacities] would not be contrary to the purposes of this chapter.

In 1987, Congress made an amendment to § 504, as quoted above, by striking the words "United States Parole Commission" and replacing them with the words "if the offense is a federal offense, the sentencing judge, ... pursuant to the sentencing guidelines and policy statements under section 994(a) of Title 28," and this amendment was applicable to offenses committed after November 1, 1987. Congress amended § 504 to provide that as to federal offenses committed after November 1, 1987, *the sentencing judge and not the United States Parole Commission* shall have jurisdiction to reduce or exempt the defendant from participating in the affairs of a labor organization.

In asserting that the Court retains power to reduce his disability period, Biscardi relies on § 5J1.1 of the United States Sentencing Guidelines. § 5J1.1 provides in relevant part:

In the case of a person convicted of a disqualifying crime committed before November 1, 1987, the United States Parole Commission will continue to process such exemption applications.

In the case of a person convicted of a disqualifying crime committed on or after November 1, 1987, however, a petition for exemption from disability must be directed to a United States District Court.

While § 5J1.1 provides that Biscardi must file an application for an exemption with the United States Parole Commission, Biscardi contends that § 504 and § 5J1.1 provide him with a choice of petitioning the sentencing judge for a reduction of the disability period or petitioning the Parole Commission for an exemption. Biscardi asserts that neither the statute nor the guidelines prohibit him from petitioning the sentencing judge for a reduction almost nine years after sentencing.

§ 504, applicable to crimes committed before November 1, 1987 (Biscardi's crime was committed prior to November 1, 1987), provides that the thirteen year disability term is in effect "unless prior to the end of such period, in the case of a person so convicted or imprisoned, the United States Parole Commission determines that such person's service [in certain capacities] would not be contrary to the purposes of this chapter." The above quoted language remains in full force and effect, and the Court is of the opinion that it requires Biscardi to file his application with the United States Parole Commission. Thus, under the clear language of the statute, Biscardi must seek a determination from the United States Parole Commission that service to his union in prohibited capacities would not be contrary to the purposes of § 504.

For the above reasons, the motion of Philip Biscardi asking the Court to reduce the time period within which he is disabled from participating in the affairs of his union and provide that he is no longer prohibited from such participation by 29 U.S.C. § 504 is dismissed for lack of jurisdiction.